IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE CLOPTON, <br>     Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, TDCJ-CID, <br>     Respondent. | No. 3:16-CV-1407-B |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent Lorie Davis is Director of TDCJ-CID.

## II. Background

Petitioner pled *nolo contendere* to aggravated sexual assault of a child and was sentenced to twenty-five years in prison. *State of Texas v. Joe Clopton*, No. F-0862601-Y (Crim. Dist. Ct. No. 4, Dallas County, Tex., June 6, 2011). On October 10, 2012, Petitioner's conviction and sentence were affirmed on direct appeal. *Clopton v. State*, No. 05-11-00762-CR, 2012 WL 4801514 (Tex. App. – Dallas, 2012, no pet.). Petitioner did not file a petition for discretionary review.

On January 13, 2014, Petitioner filed a state habeas petition. *Ex parte Clopton*, No. 82,521-01. On April 1, 2015, the Texas Court of Criminal Appeals denied the petition without written order. On March 7, 2016, Petitioner filed a second state habeas petition. *Ex parte Clopton*, No. 82,521-02. On May 4, 2016, the Texas Court of Criminal Appeals dismissed the petition as subsequent.

On May 18, 2016, Petitioner filed this federal petition for habeas relief. He argues:

(1) He is actually innocent;

(2) He received ineffective assistance of counsel; and

(3) There was no evidence to support the conviction.

On September 28, 2016, Respondent filed her answer arguing, *inter alia*, that the petition is barred by limitations. On May 12, 2017, and July 18, 2017, Petitioner filed affidavits in support of his petition. The Court now finds the petition should be dismissed as time-barred.

### III. Discussion

#### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On October 10, 2012, the Fifth District Court of Appeals denied Petitioner's appeal. His conviction became final thirty days later, on November 9, 2012. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until November 9, 2013, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On January 13, 2014, Petitioner filed his first state habeas petition. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

limitations period.

Petitioner was required to file his § 2254 petition by November 9, 2013. He did not file his petition until May 18, 2016. His petition is therefore untimely.

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he was misled by the state or prevented in some extraordinary way from asserting his rights. He has failed to show he is entitled to equitable tolling.

**C.      Actual Innocence**

Petitioner argues he should be excused from the limitations period because he is actually innocent. The Supreme Court has recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin*

*v. Perkins*, 133 S.Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Petitioner has failed to meet this high standard.

Petitioner submits affidavits from his two sons to support his actual innocence claims. These affidavits, however, do not show that it is more likely than not that no reasonable juror would have convicted him in light of the affidavits. In their affidavits, Petitioner's sons state they each had a sexual contact with the victim, and that Petitioner was not aware of this. The affidavits, however, do not show that Petitioner did not have sexual contact with the victim. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

## IV. Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 22 day of SEP, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).